UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK~

DANA RACHLIN,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, MAYOR OF THE CITY OF NEW YORK ERIC ADAMS, NYPD CHIEF OF DEPARTMENT JEFFREY MADDREY, NYPD COMMUNITY COORDINATOR BRIAN ADAMS, NYPD CHIEF OF PATROL JOHN CHELL, NYPD INSPECTOR CRAIG EDELMAN, NYPD DEPUTY DIRECTOR KAZ DAUGHTRY, and NYPD MEMBER JOHN OR JANE DOE # 1-5,

                              Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

***MURIEL GOODE-TRUFANT***
*Corporation Counsel*
  *of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:* Belina Anderson
*Tel: (212) 356-5376*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

PROCEDURAL HISTORY .......................................................................................................2

    A.    FOIL Requests and Stipulation .....................................................................2

    B.    The Two Complaints .....................................................................................2

ALLEGATIONS .........................................................................................................................3

LEGAL STANDARD FOR MOTION TO DISMISS ................................................................4

ARGUMENT ..............................................................................................................................4

    POINT I

    PLAINTIFF DOES NOT STATE CLAIMS FOR FIRST AMENDMENT "STIGMA PLUS" DEFAMATION (CLAIM 1) OR RETALIATION (CLAIM 3) ..................................................................................4

        A.    Stigma Plus and Retaliation .........................................................................4

    POINT II

    PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM AGAINST DEFENDANT CITY FOR MUNICIPAL LIABILITY UNDER § 1983 AND *MONELL* (CLAIM NO. 2) .....................................................................................6

    POINT III

    PLAINTIFF FAILS TO PLAUSIBLY STATE A CLAIM FOR DISCRIMINATION UNDER THE NYCHRL FOR GENDER-BASED VIOLENCE AND UNLAWFUL DISCRIMINATION AND/OR RETALIATION ..................................................................................9

CONCLUSION ........................................................................................................................10

CERTIFICATION OF WORD COUNT ..................................................................................11

## TABLE OF AUTHORITIES

**Cases** **Pages**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)..................................................................................................4

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 [2007]..................................................................................................4

*Bloch v. Ribar*,
　156 F.3d 673, 676 (6th Cir. 1998) ................................. 8

*Brest v. Hoggis*,
　180 AD 3d 83 (1st Dep't 2019)..................................................................................8

*Curley v. Village of Suffern*,
　268 F.3d 65 (2d Cir. 2001) .......................................................................................5

*Dixon v City of New York*,
　2024 NY Misc. LEXIS 688 .....................................................................................10

*Doe v. N.Y.C. Dep't of Educ.*,
　2024 U.S. Dist. LEXIS 132574, *16 (EDNY) ..........................................8

*Engelman v. Rofe*,
　194 AD3d 26 (1st Dep't 2021) ..................................................................................9

*Harris v. City of Newburgh*,
　2017 U.S. Dist. LEXIS 159561 .................................................................................8

*Monell v. Dep't of Soc. Servs.*,
　436 U.S. 658 (1978)......................................................................................1, 2, 6, 7

*Nassau County Emple. "L" v County of Nassau*,
　345 F. Supp 293 (EDNY 2004) ...................................................... 8

*Osterhoudt v. City of New York*,
　2012 U.S. Dist. LEXIS 139700 ..............................................................................7, 8

*Roach v. Goorde*,
　2018 U.S. Dist. LEXIS 223648, 21-22 (NDNY) ..................................... 9

*Sadallah v. City of Utica*,
　383 F.3d 34 (2nd Cir.2004) (Sotomayer, J.)..............................................................4

*Venable v. Goord*,
　2004 U.S. Dist. LEXIS 18275 (SDNY)..................................................................8, 9

*Wray v. City of New York,*
   490 F.3d 189 (2d Cir. 2007) ......................................................................................................6

**Statutes**                                                                                                              **Pages**

42 U.S.C. § 1983 (1) .................................................................................................. 1, 2, 4, 5, 6, 9

Local Rules Rule 7.1(c) ............................................................................................................ 2

NYC Admin. Code § 8-102 ...................................................................................................... 2

NYC Admin. Code § 8-502 ...................................................................................................... 2

NYC Admin. Code § 10-1102 ............................................................................................... 2, 8

NYC Admin. Code § 10-1104 .................................................................................................. 8

NYC Admin. Code § 10-1106 .................................................................................................. 8

Rule 12(b)(6) ........................................................................................................................... 10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DANA RACHLIN,                                                        Case No.: 24-cv-02626

                                            Plaintiff,

-against-

THE CITY OF NEW YORK, MAYOR OF THE CITY OF                           **REPLY MEMORANDUM**
NEW YORK ERIC ADAMS, NYPD CHIEF OF                                   **OF LAW IN FURTHER**
DEPARTMENT JEFFREY MADDREY, NYPD COMMUNITY                           **SUPPORT OF**
COORDINATOR BRIAN ADAMS, NYPD CHIEF OF                               **DEFENDANTS' MOTION**
PATROL JOHN CHELL, NYPD INSPECTOR CRAIG                              **TO DISMISS**
EDELMAN, NYPD DEPUTY DIRECTOR KAZ DAUGHTRY,
and NYPD MEMBER JOHN OR JANE DOE # 1-5,

                                            Defendants.

-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiff has described the compelling social and political climate during several years in which she advocated for criminal justice reform as a not-for-profit entrepreneur in low-income, high-crime Brooklyn communities. During that time, she suffered defamation inflicted, allegedly, by the individual defendants and/or by others unknown in the New York City Police Department ("NYPD"). Most of Plaintiff's allegations and argument attempt to establish Defendants had a motive to defame her. But motive is not an element of a First Amendment defamation or retaliation claim.

Plaintiff has not alleged the required elements, respectively, of an NYPD-imposed burden on Plaintiff's rights or "chilling" of speech. Because Plaintiff has not stated a predicate constitutional violation, her *Monell* liability claim also fails. Defendants, respectfully, refer the Court to Defendants' Memorandum in Support of Their Motion to Dismiss ("Defendants' MOL")

1

for analysis of all of Plaintiff's claims. Where reply would be clarifying and not repetitive, Defendants add argument below.[1]

## PROCEDURAL HISTORY

### A. FOIL Requests and Stipulation

Defendants' MOL described the extensive pre-litigation disclosure Plaintiff obtained from NYPD, including emails and text messages of all the remaining Defendants (except Mayor Adams). *See* Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint ("Defs' MOL"), at 2. In opposition, Plaintiff confirmed Defendants disclosed an IAB investigation report after she filed the original complaint and before filing the amended complaint. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pltf's MOL"), at 6 fn. 36; *see also* Defs' MOL, at 3 fn. 1. The IAB report is discussed below.

### B. The Two Complaints

After amending the complaint, Plaintiff's remaining claims are: (1) First Amendment defamation; (2) municipal liability under *Monell* for (a) failure to train and/or supervise NYPD members how to conduct investigations into gender-based violence and (b) failing to investigate and/or discipline NYPD members for misconduct; (3) First Amendment retaliation; (4) failure to intervene/special duty; (5) protection from gender discrimination (NYC

---

[1] Pltf's MOL is within this Court's 25-page limit, but the 9,511 word count is over the 8,750 limit. *See* Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Under the assumption that parties have to comply with both individual judge's rules and local court rules, Defendants' reply is within the 10-page limit and attaches a word-count certification. *Id.*

Admin. Code § 10-1102); and (6) unlawful discrimination and/or retaliation (NYC Admin. Code §§ 8-102, 502). Defendants moved to dismiss the entire complaint.[2]

## ALLEGATIONS

Defendants' moving memorandum discusses the allegations in the Amended Complaint comprehensively with citations. In reply, Defendants clarify the following statement in Plaintiff's memorandum in opposition, "On April 8, 2021, Defendants including Defendants Brian Adams and John Chell falsely informed a members of the public with whom Plaintiff had professional and personal relationships that Plaintiff had falsified the fact of her rape and had falsely accused a Black man of rape due to racial animus." Plaintiff cites to paragraphs 86-98 of the amended complaint. Pltf's MOL, at 3. Those allegations, however, do not state that any Defendants made these statements on that date.

April 8th is the day Plaintiff had lunch with "pastor and social justice advocate" Reverand McCall, who told her Defendants had made such statements to him and others in their community. Amended Complaint, ¶ 88. Plaintiff's allegations are not reasonably read as alleging these individual Defendants made these statement to McCall and other unenumerated and unidentified individuals all on that same day, April 8th. Presumably, although not expressly alleged, Plaintiff learned on April 8th about the defamatory statements.[3]

---

[2] Plaintiff avers that Defendants' motion to dismiss may be considered a partial motion to dismiss, because Defendants supposedly did not address her "failure to intervene" claim (no. 4). Pltf's MOL, at 5 fn. 24. Plaintiff is incorrect. Defendants argued for dismissal of Plaintiff's "failure to intervene" claim (no. 4), Defs' MOL, at 19, and do not consider additional argument is needed in reply.

[3] Plaintiff appears to have proceeded on the assumption that the date she learned of the alleged statements is the date of accrual for her section 1983 claims, because she filed her complaint three years later, on April 8, 2024.

3

## LEGAL STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]).

## ARGUMENT

### POINT I

### PLAINTIFF DOES NOT STATE CLAIMS FOR FIRST AMENDMENT "STIGMA PLUS" DEFAMATION (CLAIM 1) OR RETALIATION (CLAIM 3)

**A. Stigma Plus and Retaliation**

To state a First Amendment defamation claim, Plaintiff must plead "stigma plus." *See Sadallah v. City of Utica*, 383 F.3d 34, 38 (2nd Cir.2004).[4] Defendants demonstrated in their moving memorandum that Plaintiff has not done so. In reply, Defendants emphasize the absence of allegations regarding Plaintiff's damages and retaliatory acts she suffered. Plaintiff does not allege any dates or times when she was "barred from accessing public spaces." Pltf's MOL, at 13. Nor does she identify buildings, facilities, events, staff, supplies, or services that NYPD provided to her prior to criticism of NYPD, or NYPD withdrew afterwards.[5] Nor does she identify past funds, awards, donations, or other forms of financial or in-kind support from third parties, *e.g.*,

---

[4] Plaintiff suggests Defendants concede that Plaintiff's allegations satisfy the first element of a federal defamation claim: "statement injurious to reputation, that is claimed to be, and capable of being proved, false." *Sadallah*, 383 F.3d at 38, *supra*; *see* Plaintiff MOL, at 12 fn. 30. Defendants argued in their moving memorandum that Plaintiff did not have a viable state law defamation cause of action and listed available defenses. Defs' MOL, at 16-18. But the Court need not consider the first element, because the second is clearly not satisfied.

[5] Plaintiff's "barred from" allegations encompass "the 73rd Precinct's geographic area and to enter public spaces within the building;" "the area encompassed by the 73rd Precinct, including the entire neighborhood of Brownsville, Brooklyn;" and "the right to enter any NYPD precincts and other police-controlled public accommodations[.]" Amended Complaint, ¶ 173(b), (f), (g).

elected officials, that these third parties cancelled, withdrew, or did not renew after Plaintiff's criticism of the NYPD. *See* Pltf's MOL, at 13.

Neither separately - if any discrete act can be discerned - nor cumulatively do these allegations constitute the "state-imposed" burden on Plaintiff's rights required to state a claim for First Amendment defamation. Nor do they satisfy the "chilling" of speech element of a First Amendment retaliation claim. *See* Defendants' MOL, at 14-16 (citing *Curley v. Village of Suffern*, 268 F.3d 65, 73 [2d Cir. 2001]).

Even if Plaintiff's allegations that Defendants withdrew access to influential members of the NYPD, resources, or privileges are assumed to be true, the random retraction or withholding of certain privileges and benefits by an individual Defendant or some combination of individual Defendants do not satisfy the 'state imposed' burden element for a federal defamation claim, nor the chilled-speech element of a federal retaliation claim. The amended complaint remains deficient with respect to stating a claim for First Amendment defamation and retaliation, because Plaintiff alleges NYPD acts of omission and commission that are vague and generalized. Plaintiff should not need discovery to acquire this information; this information is within Plaintiff's personal knowledge.

Particularly tenuous is Plaintiff's allegation that Defendants "chilled [Plaintiff's] constitutionally protected conduct by discouraging her from seeking professional opportunities for fear of being forced to share the details [of] her sexual assault and defend the veracity of her valid claims." Pltf's MOL, at 14. Plaintiff's fears of compelled self-disclosure or forced self-defamation in hypothetical future interactions with prospective employers or others are speculative. Moreover, the future third parties' knowledge - if any - about the defamatory statements would not be the result of an NYPD-imposed burden, *i.e.,* NYPD policies and procedures that would

compel these third parties to make inquiry about Plaintiff. And Plaintiff's disclosure in response to any such inquiries would not be compelled by any NYPD policies and procedures.

## POINT II

### PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM AGAINST DEFENDANT CITY FOR MUNICIPAL LIABILITY UNDER § 1983 AND *MONELL* (CLAIM NO. 2)

Plaintiff has failed to state a viable federal claim on which to base *Monell* liability upon the City. Even assuming *arguendo* Plaintiff has pled an independent constitutional violation, her allegations do not suffice to plead that any NYPD formal policy or custom deprived her of a constitutional right. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *see also Wray v. City of New York,* 490 F.3d 189, 195 (2d Cir. 2007). Recognizing that even her amended complaint is weak, Plaintiff asks this Court to deny Defendants' motion to dismiss because of a purported unfairness to section 1983 plaintiffs to investigate their potential claims against government entities. But this is a core responsibility of a litigant.

Plaintiff relies heavily upon "NYPD's history of mishandling both sexual assault investigations and the sensitive information related to such matters." Pltf's MOL, at 16. But with respect to her, specifically, Plaintiff acknowledges her pre-litigation factual investigation yielded scant evidence to support her claims. Specifically, Plaintiff acknowledges that the IAB report NYPD provided to her pursuant to FOIL did not provide support for her claims. She complains that the reason is the IAB did not define and identify the scope and targets of the investigation so as to "investigate Plaintiff's allegations against Defendants[.]" Pltf's MOL, at 6 fn 26. Yet, she immediately contradicts herself by stating, "[T]he records disclosed consisted primarily of Plaintiff's Complaint, exhibits, and related news coverage." *Id.*

6

The pre-litigation disclosure undermines Plaintiff's argument that Defendants "attempt to capitalize on the stark inequity in the parties' respective access to information . . . ." Pltf's MOL, at 10; Defendants have not argued that an "enhanced" pleading standard should be applies. *See* Pltf's MOL, at 11. Rather, Defendants urge this Court to reject Plaintiff's argument that a more *liberal* standard should be applied. *Id.*[6]

Plaintiff cites to *Osterhoudt v. City of New York*, 2012 U.S. Dist. LEXIS 139700, *7. Pltf's MOL, at 10. But neither *Osterhoudt* nor other authority from the Second Circuit support Plaintiff's argument that the standard on a motion to dismiss should be expanded from requiring a plausible, *i.e.*, conceivable, statement of claim, to an "inference of plausibility" standard. The latter, more liberal standard allows a Court to rely on allegations regarding other events not involving a particular plaintiff, such as other lawsuits and investigations, to make a "plausible inference" of a widespread policy that frequently causes a deprivation of citizens' rights, such that *Monell* liability is sufficiently pled to withstand a motion to dismiss. *See Osterhoudt*, 2012 U.S. Dist. LEXIS 139700 *7, *supra*.

But the Second Circuit and its district courts have also held that a plaintiff's citation to a few lawsuits involving claims of alleged constitutional violations is not probative of the existence of an underlying policy by a municipality. *See Harris v. City of Newburgh*, 2017 U.S. Dist. LEXIS 159561, *1 2 (surveying cases, including *Osterhoudt*, 2012 U.S. Dist. LEXIS 139700, *supra*). The caselaw makes clear that the determination is case specific and depends on the courts' assessment of the extraneous allegations. For example, settled cases do not support an inference

---

[6] Defendants rejects as *ad hominin* argument Plaintiff's statement that Defendants' defense, that Plaintiff's complaint is insufficient as a matter of law, is "weaponization of offensive tropes to discredit women." Pltf's MOL, at 11.

7

of plausibility, whereas adjudications on the issue of liability do have inferential value. *See id.*; *Doe v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 132574, *16 (EDNY).

Plaintiff did not state a privacy claim in her complaints, but Pltf's MOL now argues NYPD has violated her federal right to privacy. Pltf's MOL, at 15-16. The Second Circuit has observed that analysis of federal privacy doctrine is nuanced and fact specific, and has recently expanded to encompass, *e.g.*, public dissemination of details of a sexual assault, but not to cover one's name, address, and status as a licensee. *See Doe v. Putnam Cty.*, 344 F. Supp. 3d 518, 540-541 (2018) (collecting cases). Nor does the federal right to privacy cover public records such as an arrest or disclosure of an ongoing investigation. *Venable v. Goord*, 2004 U.S. Dist. LEXIS 18275 (SDNY) (internal citations omitted).

The case cited by Plaintiff, for the holding that a federal privacy right encompasses public dissemination of the details of a sexual assault, does not discuss what constitute "details." *See Nassau County Emple. "L" v County of Nassau*, 345 F. Supp 293 (EDNY 2004). That case cites one case, from the Sixth Circuit, that found such a privacy right covered information consisting of "highly personal and extremely humiliating details" of a rape and statements to the press "contained details of the acts perpetrated against her that were so embarrassing she had not even told her husband." *See Bloch v. Ribar*, 156 F.3d 673, 676 (6th Cir. 1998). Plaintiff has provided no more authority to support her argument. In short, a federal right to privacy regarding disclosure of confidential information regarding a report and investigation of a crime has not yet been clearly defined.

This Court, however, should not be distracted by the status of a federal right of confidentiality in the details of a sexual assault. Plaintiff alleges that Defendants statements about her are *not true*, *i.e.* that Defendants lied in stating that she falsely reported a rape and that she

8

accused a Black man out of racial animus. What is clear is that a federal privacy claim protects citizens from the dissemination of facts that are confidential, personal - not lies. Spreading lies is not a breach of confidentiality. That is defamation. Plaintiff cannot turn a state law defamation claim into a federal breach of privacy claim. *See, e.g., Venable, supra; Roach v. Goorde*, 2018 U.S. Dist. LEXIS 223648, 21-22 (NDNY).

## POINT III

### PLAINTIFF FAILS TO PLAUSIBLY STATE A CLAIM FOR DISCRIMINATION UNDER THE NYCHRL FOR GENDER-BASED VIOLENCE AND UNLAWFUL DISCRIMINATION AND/OR RETALIATION

As set forth in Defendants' motion in opposition, sexual assault is a crime motivated by gender animus. *See Brest v. Hoggis*, 180 AD 3d 83, 94 (1st Dep't 2019). To state a cause of action for gender-based violence under New York City's Human Rights Law ("HRL"), Plaintiff must allege one or more Defendants committed, directed, enabled, participated in, or conspired to commit a gender-motivated crime of violence. *See* NYC Admin. Code §§ 10-1102, 1104, 1106. Plaintiff's argument of statutory interpretation is boot-strapped and constrained. Defendants had interpreted Plaintiff's allegations as asserting that, by defaming Plaintiff about the sexual assault, Defendants committed a crime of gender-based violence.

Instead, Plaintiff's opposition argues that her allegations describe NYPD conduct that constitutes harassment under New York State criminal law, coupled with the federal statute under which it is an offense punishable by fine or imprisonment to use the federal mail service to send threats. *See* Pltf's MOL, at 20-22 (citing Criminal Procedure Law ¶ 240.30[1][A] [harassment in the second degree] and 18 USC ¶ 876 [mailing threatening communications]). According to Plaintiff's argument, her allegation that NYPD's "complained of conduct" that created the risk of violence against her plus the alleged disclosure of her home address, satisfies

9

the requirement that a plaintiff allege a defendant "committed, directed, enabled, participated in, or conspired to commit a gender-motivated crime of violence." *See* Pltf's MOL, at 22. Notably missing from Plaintiff's statutory construction argument is pertinent state case law.

The balance of Plaintiff's analysis of the HRL claims is likewise strained. Pltf's MOL, at 19-20. As argued in Defendants' moving papers, Plaintiff's HRL claims are non-cognizable iterations of her First Amendment retaliation claim. This Court should not reach these claims under the New York City law but, if it does, it should reject such contorsions of statutory interpretation.

## CONCLUSION

For the reasons set forth in Defendants memorandum in support of its motion to dismiss, and as supplement above, the Court should grant Defendants' motion to dismiss, pursuant to Rule 12(b)(6), the Complaint in its entirety with prejudice, and decline to assert jurisdiction over any New York State and City law claims.

Dated: New York, New York
      March 27, 2025

                          **MURIEL GOODE-TRUFANT**
                          Corporation Counsel of the City of New York
                          *Attorney for City Defendants*
                          100 Church Street
                          New York, New York 10007
                          (212) 356-4367

                    By: _____
                          Belina Anderson
                          Assistant Corporation Counsel

## **CERTIFICATION OF WORD COUNT**

I, hereby, certify pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York that the total number of words in the foregoing document, exclusive of the caption, index, table of contents, table of authorities, and signature block, but inclusive of footnotes or endnotes, is below 3,500 words according to the "Word Count" function of Microsoft Word 2010, the word-processing system used to prepare the document, and thus that the document complies with the word count limit set forth in Rule 7.1(c).

Dated:  New York, New York
    March 27, 2025

By: *[signature]*
Belina Anderson
Assistant Corporation Counsel