

STEVEN BANKS
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

BELINA ANDERSON
Phone: (212) 356-4367
Fax: (212) 356-2089
Email: beanders@law.nyc.gov

June 25, 2026

*By ECF*
Hon. Frederic Block
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Rachlin v. City of New York, et al.* No. 24 CV 2626 (FB-LB)
    Request for Extension of Time to Mediate

Dear Judge Block:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York. Defendants write to request an extension of the deadline to complete mediation from June 25, 2026 until July 31, 2026. This is the second request for extension of the mediation deadline.

On April 3, 2026, Defendants requested, with Plaintiff's consent, to extend by seven (7) days the time to select a mediator and the mediation deadline, in order for the City to obtain a fee waiver and *pro bono* mediator (ECF No. 41). Your Honor set the mediation deadline for June 25, 2026. On April 9, 2026, Defendants joined Plaintiff, writing on behalf of the parties, in requesting another seven (7) day extension for mediator selection but not requesting extension of the June 25th mediation deadline (ECF No. 43). By text order, Your Honor granted the mediator-selection extension.

On June 5, 2026, Defendants, *inter alia*, informed the Court that the parties had requested the ADR Administrator provide a new mediator; explained why; and stated the parties agreed to endeavor to meet the June 25th deadline. ECF No. 51; *see also* ECF Nos. 52-53. By text order on June 12, 2026, the Court directed the parties back to the Administrator regarding mediation questions. The Administrator gave the parties direction and solicited mediators from the *pro bono* panel for in-person mediation. Later, the parties agreed to resort to virtual mediation in the hopes of finding more mediators with availability.

On Monday, June 22, 2026, I wrote to the Administrator, copying Plaintiff's counsel, that my understanding was that the parties were still waiting to be advised of any mediator availability,

confirmed Defendants were prepared for mediation, and asked her to advise whether the parties should wait any longer to request an extension. On Wednesday, June 24, 2026, the Administrator replied that she had sent another request to the mediation panel and encouraged the parties to seek an extension. I further informed the Administrator that I would be unable that afternoon to write the Court myself so, if Plaintiff's counsel agreed to seeking an extension, Plaintiff's counsel should draft and file the request that day. Or, we would have to wait until today.

This morning, I had not received a response from Plaintiff's counsel. I wrote her at 11:22 a.m. asking whether she was still in agreement about requesting an extension of the mediation deadline. I also informed Plaintiff's counsel that, if I did not receive a response by 1 p.m., I would write on behalf of Defendants only.

Plaintiff's counsel responded later today that Plaintiff did not join in the request, because counsel did not consider that the request to be "properly framed as a joint request." She went on to explain for reasons that were previously presented to the Court in Plaintiff's response (ECF No. 52) to Defendants' status letter about the parties' request for a new mediator (ECF Nos. 51; *see also* ECF No. 53). I responded that I had already explained the reasons for the cancellation of the June 4th mediation in Defendants' status letter to Your Honor (ECF No. 51), who had directed the parties back to the Administrator.

I further responded that Your Honor had ordered both parties to mediate by the deadline. Plaintiff's counsel's wording suggested that the extension was necessitated solely by defense counsel's circumstances, which is not accurate. I concluded by stating that Plaintiff's counsel could write separately to Your Honor to refresh, reframe, and/or renew any issues.

Yesterday, the Court issued a text order granting Plaintiff's unopposed motion to supplement the pleadings. As of today, the Administrator has not yet sent names of potential mediators. And, today, Plaintiff filed the "First Supplemental COMPLAINT *Pursuant to 15(d).*" ECF No. 57. Defendants are unaware of any other deadlines or procedural steps affected by this request for an extension of time to mediate, until July 31, 2026. In light of the mediators being selected from the *pro bono* panel and the onset of summer, this seems to be a reasonable amount of time to find a mediator and conclude the mediation process.

Respectfully,

Belina Anderson
Assistant Corporation Counsel

cc:   All counsel of record
      (by ECF)

- 2/2