UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

DANA RACHLIN,

                                                    Case No.: 24-cv-02626

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, MAYOR OF THE CITY OF          **DECLARATION IN**
NEW YORK ERIC ADAMS, NYPD CHIEF OF                  **SUPPORT OF**
DEPARTMENT JEFFREY MADDREY, NYPD COMMUNITY          **MOTION TO**
COORDINATOR BRIAN ADAMS, NYPD CHIEF OF              **WITHDRAW AS**
PATROL JOHN CHELL, NYPD INSPECTOR CRAIG             **COUNSEL**
EDELMAN, NYPD DEPUTY DIRECTOR KAZ DAUGHTRY,
and NYPD MEMBER JOHN OR JANE DOE # 1-5,

                              Defendants.

_____

        I, Belina Anderson, declare that the following statements are true and correct under penalty

of perjury, pursuant to 28 U.S.C. § 1746:

        1.      I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation

Counsel of the City of New York, and my office represents the defendants in this matter.

        2.      I submit this declaration in support of this motion to withdraw as counsel for

defendant Jeffrey Maddrey, pursuant to Rule 4.1 of the Local Civil Rules of the Southern and

Eastern Districts of New York.

        3.      Plaintiff seeks damages and injunctive relief against the City and several high-

ranking present and former official of the New York City Police Department ("NYPD").  The

Complaint asserts numerous federal and state claims including First Amendment retaliation,

defamation, due process violations, and discrimination against a victim of sexual violence.

4.	Defendants' supplemental motion to dismiss the second amended complaint is pending.  ECF No. 55

5.	Section 50-k(2) of the New York General Municipal Law states, among other things, that the City shall provide for the defense of an employee in an action "arising out of any alleged act or omission which the Corporation Counsel finds occurred while the employee was acting within the scope of his employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred."

6.	Based on the facts and circumstances known at that time, the Office of the Corporation Counsel initially determined that Defendant Maddrey was eligible for representation pursuant to GML § 50-k.

7.	I filed a notice of appearance on behalf of all defendants on September 12, 2024. ECF No. 25.

8.	Thereafter, in December 2025, the New York City Police Department (NYPD) determined that Mr. Maddrey violated NYPD policy and procedure in connection with the events alleged in the complaint. As a result, he is not eligible for representation by the Office of the Corporation Counsel in this matter under GML 50-k.

9.	Mr. Maddrey was notified of this determination by letter sent on July 10, 2026 by certified mail, return receipt requested.

10.	Courts routinely allow the City to withdraw representation where an individual is determined to no longer meet the terms of representation laid out in GML § 50-k. *See In re Bolusi v. City of N.Y.*, 249 A.D.2d 134, 671 (1st Dept 1998); *Williams v. New York*, 64 N.Y.2d 800, 802 (1985); *Blood v. Bd. of Educ. of City of N.Y.*, 121 A.D.2d 128 (1st Dept.1986); *see also Behar v. City of New York*, No. 98-CV-2635, 1999 U.S. Dist. LEXIS 5207, at *15 (S.D.N.Y. Apr. 12, 1999)

("[S]ection 50-k of the General Municipal Law permits corporation counsel to withdraw from representing defendants."); *Cucchiara v. Hollingsworth, No*. 15-CV-314, 2016 U.S. Dist. LEXIS 142541, at *7 (S.D.N.Y. Oct. 14, 2016) ("[T]he Court granted the City's request to withdraw its representation of [a defendant]" pursuant to GML § 50-k.).

11.     Accordingly, because this Office has concluded that Mr. Maddrey is no longer is eligible for representation under GML § 50-k, leave of Court is sought to withdraw this Office's representation of Mr. Maddrey.

12.     A mediation is scheduled to take place at the courthouse for the Eastern District of New York on July 20, 2026 beginning at 11:00 AM.

13.     Other than the mediation date of July 20, 2026 and deadline of July 31, 2026, no other deadlines in this action are imminent.

14.     Based on the foregoing, I respectfully request that the Office of the Corporation Counsel be permitted to withdraw as counsel for defendant Jeffrey Maddrey.

15,     In the event that the Court grants the instant motion, Defendants request a 30-day stay of all proceedings to ensure that the Mr. Maddrey is able to obtain representation.

Date: New York, New York
     July 17, 2025

                                      /s/Belina Anderson
                                         Belina Anderson
                                         Assistant Corporation Counsel