UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

DANA RACHLIN,

                                        Plaintiff,

                 -against-

THE CITY OF NEW YORK, MAYOR OF THE
CITY OF NEW YORK ERIC ADAMS, NYPD
CHIEF OF DEPARTMENT JEFFREY
MADDREY, NYPD COMMUNITY
COORDINATOR BRIAN ADAMS, NYPD
CHIEF OF PATROL JOHN CHELL, NYPD
INSPECTOR CRAIG EDELMAN, NYPD
DEPUTY COMMISSIONER KAZ
DAUGHTRY, and NYPD MEMBERS JOHN
or JANE DOE # 1 – 5,

                                    Defendants.

------------------------------------------------------------------------ X

**ANSWER TO VERIFIED
SECOND AMENDED
COMPLAINT**

24 Civ. 02626 (FB)(EE)

**Jury Trial Demanded**

      Defendants CITY OF NEW YORK, MAYOR OF THE CITY OF NEW YORK

ERIC ADAMS, former NYPD CHIEF OF DEPARTMENT JEFFREY MADDREY,[1] NYPD

COMMUNITY COORDINATOR BRIAN ADAMS, NYPD CHIEF OF PATROL JOHN

CHELL, NYPD INSPECTOR CRAIG EDELMAN, NYPD DEPUTY COMMISSIONER KAZ

DAUGHTRY, and NYPD MEMBERS JOHN or JANE DOE # 1 – 5,  by their attorney Steven

Banks, Corporation Counsel of the City of New York, for their answer to the second amended

---

[1] By motion filed July 17, 2026, the Office of the Corporation Counsel moved to withdraw from representing defendant Maddrey (ECF No. 59).  That motion remains pending.

complaint, filed April 6, 2026 (ECF No. 42) (Complaint)[2] and the verified supplemental pleading, filed June 24, 2026 (ECF No. 57), respectfully allege as follows:

1.  Deny the allegations set forth in paragraph 1, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's observations and conduct.

2.  Deny the allegations set forth in paragraph 2.

3.  Deny the allegations set forth in paragraph 3, except admit that Plaintiff purports to proceed as set forth therein.

<u>PARTIES</u>

4.  Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 4.

5.  Admit that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and its agencies, including the New York City Police Department ("NYPD").

6.  Deny the allegations set forth in paragraph 6, except admit that Eric Adams was a former Mayor of New York City and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the authority of the Mayor with respect to the NYPD.

7.  Deny the allegations set forth in paragraph 7, except admit that Jeffrey Maddrey ("Maddrey") was an employee of the NYPD who held multiple positions and retired on

---

[2] All responses refer to the paragraphs in the Second Amended Complaint, unless specifically stated that responses refer to the verified supplemental pleading.

or about effective January 22, 2025, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the organizational structure of the NYPD.

8.          Deny the allegations set forth in paragraph 8, except admit that John Chell ("Chell") was an employee of the NYPD, held multiple positions, including the position of Chief of Patrol for approximately three years, retired on or about October 9, 2025, and respectfully refer the Court to the New York City Charter and Administrative Code for a description of the organizational structure of the NYPD.

9.          Deny the allegations set forth in paragraph 9, except admit that Brian Adams was a former employee of the NYPD, held multiple positions, including Community Coordinator and Director, and NYPD terminated Adam on or about June 25, 2026, and respectfully refer the Court to the New York City Charter and Administrative Code for a description of the organizational structure of the NYPD.

10.         Deny the allegations set forth in paragraph 10, except admit that Craig Edelman is an employee of the NYPD who currently holds the position of Inspector and Commanding Officer of the Gun Violence Suppression Division and respectfully refer the Court to the New York City Charter and Administrative Code for a description of the organizational structure of the NYPD.

11.         Deny the allegations set forth in paragraph 11, except admit that Kaz Daughtry was a former employee of the NYPD and respectfully refer the Court to the New York City Charter and Administrative Code for a description of the organizational structure of the NYPD.

12.         Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 12, except admit that Plaintiff purports to proceed as set forth therein.

13.        The allegations set forth in paragraph 13 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants affirmatively allege that they discharged their duties in accordance with applicable law and in good faith.  The NYPD Internal Affairs Bureau ("IAB") conducted an investigation and, in December 2025, concluded that Defendant Maddrey violated NYPD rules and regulations.

14.        The allegations set forth in paragraph 14 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein, except affirmatively allege that they discharged their duties in accordance with applicable law and in good faith and that co-defendant Chell retired from the NYPD in or about October 2026.

15.        Deny the allegations set forth in paragraph 15.

16.        Deny the allegations set forth in paragraph 16.

17.        Deny the allegations set forth in paragraph 17, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

18.        Deny the allegations set forth in paragraph 18, except admit that Plaintiff purports to lay venue in the Eastern District of New York as stated therein, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

19.        Deny the allegations set forth in paragraph 19, except admit that Plaintiff purports to seek damages in the amount stated therein.

20.        The allegations set forth in paragraph 20 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein.

21.    The allegations set forth in paragraph 21 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein.

22.    The allegations set forth in paragraph 22 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein.

23.    The allegations set forth in paragraph 23 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein.

24.    The allegations set forth in paragraph 24 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations set forth therein, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

25.    Deny the allegations set forth in paragraph 25, except admit that Plaintiff purports to proceed as stated therein.

26.    Deny the allegations set forth in paragraph 26, except admit that Plaintiff purports to proceed as stated therein.

27.    The allegations set forth in paragraph 24 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegation set forth therein.

28.    Admit the allegation set forth in paragraph 28.

29.    Admit the allegation set forth in paragraph 29.

30.    The allegations set forth in paragraph 30 consist of legal conclusions to

which no response is required. To the extent a response is required, Defendants deny the allegation set forth therein.

31.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 31.

32.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 32.

33.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 33, except admit  that Plaintiff communicated with members of the NYPD from time to time.

34.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 34, except admit that Plaintiff reported an assault that allegedly occurred on October or about October 17, 2017, and that multiple members of the NYPD, including Maddrey and Daughtry, attended an event on that date.

35.     Deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 35, except deny that Plaintiff spoke to Daughtry.

36.     Deny the allegations set forth in paragraph 36.

37.     Make no response to the allegations set forth in paragraph 37 as they are too vague to require a response, except admit that that Maddrey told Daughtry that Plaintiff had an emergency, but did not describe the details.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38, except admit that Maddrey spoke to Plaintiff after the alleged assault.

39.     Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 39, except admit that Maddrey advised Plaintiff to report the alleged assault to the NYPD.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40.

41.     Deny the allegations set forth in paragraph 41, admit that Maddrey assured Plaintiff to report the assault and that the SVD conducts investigates reports of sexual assault, and otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44.

45.     Deny the allegation set forth in paragraph 45, and otherwise state that the allegation is so general and vague so as to not require response.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph  48.

49.     Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph 49.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56.

57.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57.

58.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58.

59.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 and footnote 2.

60.     Deny knowledge and sufficient information to form a belief as to the truth of the allegations set forth in paragraph 60 and footnote 3.

61.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61.

62.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62, except admit that co-defendant Craig Edelman ("Edelman") was the Commander of the 73rd Precinct between approximately January 2019 through June of 2020.

63.     Deny the allegations set forth in paragraph 63.

64.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64, except admit that Vincent D'Andraia was an NYPD Police Officer assigned to the 73rd precinct during Edelman's command of that precinct.

65.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65.

66.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66, except admit that Maddrey was Edelman's supervisor during the approximate period of 2019 to 2020.

67.     Deny the allegations set forth in paragraph 67, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning Plaintiff's perception of being in conflict with Chell.

68.     In responding to the allegations in paragraph 68, admit that Chell was formerly a high ranking official at NYPD and that Edelman was the Commander of the 73rd precinct between approximately January 2019 through June of 2020.

, and deny any inference or implication that they engaged in any actions or misconduct that should have jeopardized those positions.

69.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69, except admit that Dermot Shea was Commissioner of the NYPD in or about June 2020.

70.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70, as the allegations are too vague to require response.

71.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71.

72.    Deny the allegations set forth in paragraph 72, and respectfully refer the Court to the YouTube video referenced in footnote 9 for a statement of its contents.

73.    Deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 73, except admit that, in approximately June 2020, Edelman transferred from the 73rd Precinct to become the Executive Officer of the Gun Violence Division and that Terrell Anderson held the position of Inspector in the 73rd Precinct during his employment with the NYPD .

74.    Deny the allegations set forth in paragraph 74.

75.    Deny the allegations set forth  in paragraph 75.

76.    Deny the allegations set forth in paragraph 76, and respectfully refer the Court to the text messages referenced therein for  complete and accurate statement of their contents.

77.    Deny the allegations in paragraph 77, except admit that Maddrey attended a meeting held by Brooklyn North Precinct Commanders on or about June 5, 2020, and deny information sufficient to form a belief as to the truth of the remaining allegations set forth therein.

78.    Deny the allegation in paragraph 78.

79.    Deny the allegation in paragraph 79.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80.

81.    Deny the allegations in paragraph 81.

82.    Deny the allegations in paragraph 82.

83.    Deny knowledge or  information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, except admit that Derby St. Fort is an employee of the NYPD and that the 61st precinct covers Sheepshead Bay.

85.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85, and without admitting the truth or accuracy thereof, respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

86.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86, and without admitting the truth or accuracy thereof, respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

87.    Deny the allegations in paragraph 87.

88.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88, and without admitting the truth or accuracy thereof, respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

89.     Deny the allegation in paragraph 89.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93.

94.     Deny the allegations in paragraph 94.

95.     Deny the allegations in paragraph 95.

96.     Deny the allegations in paragraph 96.

97.     Deny knowledge or  information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98.

99.     Deny the allegations set forth in paragraph 99, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff allegedly was forced to do.

100.    Deny the allegations set forth in paragraph 100,  except  deny knowledge or information sufficient to  form a  belief  as to  the truth of the allegations  concerning what Mr. Williams notified Plaintiff and the allegations in footnote 14.

101.    Deny the allegations set forth in paragraph 101.

102.        Deny the allegations set forth in paragraph 102.

103.        Deny the allegations in paragraph 103 that members of the NYPD spread defamatory statements, except admit that Maddrey spoke with Plaintiff and agreed Plaintiff was correct to report the rape, and aver that, if Plaintiff has evidence of a conversation, respectfully refer the Court to that evidence as the best source of the content.

104.        Deny the allegations in paragraph 104 that Defendants spread defamatory statements about Plaintiff and retaliated against her for any reason, but admit that Plaintiff made allegations to Maddrey about the conduct of NYPD members.

105.        Admit the allegations in paragraph 105 that Plaintiff told Maddrey about acts she attributed to the NYPD and asked him to stop them, but deny Defendants engaged in a defamation campaign against Plaintiff.

106.        Deny information and sufficient knowledge as to form a belief as to the truth of the allegations in paragraph 106.

107.        Deny the allegations set forth in paragraph 107.

108.        Deny Maddrey admitted expressly or impliedly that Defendants defamed Plaintiff or violated her rights, admit that Maddrey spoke with Plaintiff about the alleged rape and assured Plaintiff to report the alleged rape, and otherwise aver that the "phrase "recalled witnessing the aftermath of her assault in the hospital" is too vague to require response.

109.        Admit the allegations in paragraph 109 that Maddrey stated he would talk to Chell and deny Maddrey admitted expressly or impliedly that Defendants or Chell, individually, defamed Plaintiff or violated her rights.

110.        Deny the allegations set forth in paragraph 110 and, without admitting the truth or accuracy of the statements contained therein, respectfully refer the Court to the text

message referenced therein for a complete and accurate statement of its contents.

111.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 111, as the allegation is too vague to require a response.

112.     Deny the allegation set forth in paragraph 112 and, without admitting the truth or accuracy of the statements contained therein, respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

113.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113, as the allegations are is too vague to require response.

114.     Deny the allegation set forth in Refer the Court to the article described in paragraph 114 and, without admitting the truth or accuracy of the statements contained therein, respectfully refer the Court to the article referenced therein for a complete and accurate statement of its contents.

115.     Deny the allegation in paragraph 115 that Defendants disseminated Exhibit 1 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115.

116.     Deny Defendants disseminated Exhibit 1 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.

117.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117, as the allegation is too vague to require a response.

118.     Deny Defendants disseminated Exhibit 1 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.      Deny Defendants disseminated Exhibit 1 of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.      Deny the allegations in paragraph 120 that Defendants disseminated Exhibit 1 of the Complaint, and admit that the Keechant Sewell is a former Commissioner of the NYPD.

121.      Deny the allegations set forth in paragraph 121, and respectfully refer the Court to the letter referenced therein for a complete and accurate statement of its contents.

122.      Deny the allegations set forth in paragraph 122, and respectfully refer the Court to the letter referenced therein for a complete and accurate statement of its contents.

123.      Deny the allegations set forth in paragraph 123, and respectfully refer the Court to the letter referenced therein for a complete and accurate statement of its contents.

124.      Deny the allegations set forth in paragraph 124, and respectfully refer the Court to the letter referenced therein for a complete and accurate statement of its contents.

125.      Deny the allegation set forth in paragraph 125.

126.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126.

127.      Deny the allegations set forth in paragraph 127, and respectfully refer the Court to the memo referenced therein for a complete and accurate statement of its contents.

128.      Deny the allegations set forth in paragraph 128, and respectfully refer the Court to the memo referenced therein for a complete and accurate statement of its contents.

129.      Deny the allegations set forth in paragraph 129 and, without admitting the truth or accuracy of the statements contained therein, respectfully refer the Court to the memo referenced therein for a complete and accurate statement of its contents.

130.     Deny the allegations set forth in paragraph 130 and, without admitting the truth or accuracy of the statements contained therein, respectfully refer the Court to the memo referenced therein for a complete and accurate statement of its contents.

131.     Deny the allegations set forth in paragraph 131 and, without admitting the truth or accuracy of the statements contained therein, respectfully refer the Court to the memo (Exhibit 2) referenced therein for a complete and accurate statement of its contents.

132.     Deny the allegations set forth in paragraph 132 and, without admitting the truth or accuracy of the statements contained therein, respectfully refer the Court to the memo referenced therein for a complete and accurate statement of its contents.

133.     Deny the allegations set forth in paragraph 133 and, without admitting the truth or accuracy of the statements contained therein, respectfully refer the Court to the memo referenced therein for a complete and accurate statement of its contents.

134.     Deny the allegations set forth in paragraph 134 and, without admitting the truth or accuracy of the statements contained therein, respectfully refer the Court to the memo referenced therein for a complete and accurate statement of its contents.

135.     Admit the allegation set forth in paragraph 135 that Edelman exchanged text messages with certain individual defendants and others about members of the community and events within the 73rd precinct, and respectfully refer the Court to those text messages for a complete and accurate statement of their contents; and regarding footnote 15, admit that NYPD provided records to Plaintiff pursuant to FOIL, including records relating to an IAB investigation, and deny that NYPD or defense counsel withheld any documents in violation of any law or regulation.

136.     Admit the allegations in paragraph 136 that Plaintiff received NYPD

records, including text messages, pursuant to FOIL, and that Defendants exchanged text messages, and respectfully refer the Court to those text messages for a complete and accurate statement of their contents.

137.    Admit the allegations in paragraph 136 that defendant Adams exchanged text messages with Edelman and former co-defendant Chauncey Parker about Plaintiff and respectfully refer the Court to those text messages for a complete and accurate statement of their contents.

138.    Deny the allegations set forth in paragraph 138, except admit that members of the NYPD sent text messages concerning Plaintiff and respectfully refer the Court to those text messages for a complete and accurate statement of their contents.

139.    Deny the allegations set forth in paragraph 139.

140.    Deny the allegations set forth in paragraph 140.

141.    Deny the allegations set forth in paragraph 141, except affirmatively allege that the 2025 IAB investigation referred to in paragraph 13 disclosed that Maddrey failed to report allegations Plaintiff made to him.

142.    Deny the allegations set forth in paragraph 142.

143.    Deny the allegations set forth in paragraph 143.

144.    Deny the allegations set forth in paragraph 144.

145.    Deny the allegations set forth in paragraph 145.

146.    Deny the allegations set forth in paragraph 146.

147.    Deny the allegations set forth in paragraph 147.

148.    Deny the allegations set forth in paragraph 148.

149.    Deny the allegations set forth in paragraph 149.

150.        Deny the allegations set forth in paragraph 150.

151.        Deny the allegations set forth in paragraph 151.

152.        Deny the allegations set forth in paragraph 152.

153.        Deny the allegations set forth in paragraph 153.

154.        Deny the allegations set forth in paragraph 154.

155.        Deny the allegations set forth in paragraph 155.

156.        Deny the allegations set forth in paragraph 156.

157.        Deny the allegations set forth in paragraph 157.

158.        Deny the allegations set forth in paragraph 158.

FIRST CLAIM FOR RELIEF: Defamation or Stigma "Plus"

159.        This claim was dismissed by Decision & Order, dated July 20, 2026 (ECF No. 63). To the extent any responses to paragraphs 159-176 are required, Defendants deny the allegations in paragraphs 159-176 and incorporate their responses above as if fully restated herein.

SECOND CLAIM: Failure to train and/or supervise

177.        Defendants incorporate by reference the allegations in the preceding paragraphs as if fully restated herein. To the extent the allegations in paragraphs between 177 and 181 pertain to claims that were not dismissed, Defendants respond below.

178.        Deny the allegations in paragraph 178.

179.        Deny the allegations in paragraph 179.

180.        Deny the allegations in paragraph 180.

181.        Deny the allegations in paragraph 181.

182.     The allegations set forth in paragraph 182 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants admit the allegations and affirmatively allege that co-defendant Chell retired from the NYPD in or about October 2026.

183.     Deny the allegations set forth in paragraph 183.

184.     Deny the allegations set forth in paragraph 184, except admit that the NYPD investigates incidents involving sexual assault, interacting with victims of gender-based violence, handles sensitive and private victim, information, and may have received unwarranted criticism related to their conduct while on duty.

185.     Deny the allegations set forth in paragraph 185.

186.     Deny the allegations set forth in paragraph 186, and affirmatively alleges that that NYPD provides training and/or supervision to protect individuals from injury.

187.     Deny the allegations set forth in paragraph 187.

188.     Deny the allegations set forth in paragraph 188.

189.     Deny the allegations set forth in paragraph 189.

190.     Deny the allegations set forth in paragraph 190 and respectfully refer the Court to the bills and hearing transcripts referenced therein for a complete and accurate statement of their contents.[3].

191.     Deny the allegations set forth in paragraph 191, and without admitting the truth or accuracy thereof, respectfully refer the Court to the material cited therein for a complete and accurate statement of their contents.

---

[3] The citation to the material allegedly supporting the allegations were omitted in the second amended complaint.

192.    Deny knowledge and sufficient information to form a belief as to the allegations set forth in paragraph 192, except admit, upon information and belief, that CCRB has referred allegations of sexual misconduct by members of the NYPD to NYPD's Internal Affairs Bureau to investigate.

193.    Deny the allegations set forth in paragraph 193.

194.    Deny the allegations set forth in paragraph 194.

195.    Admit the allegation set forth in paragraph 194 that Plaintiff has filed two FOIL requests with NYPD, and deny that Defendants have failed to comply with its obligations under FOIL.

196.    Deny the allegations set forth in paragraph 196, but admit that an NYPD member did not assault Plaintiff.

197.    Deny the allegations set forth in paragraph 197, and without admitting the truth or accuracy thereof, respectfully refer the Court to the material cited therein for a complete and accurate statement of their contents; and aver that, insofar as "Plaintiff incorporates by reference the information contained in the Civilian Complaint Review Board's data regarding the agency's investigations[,]" and cites to minutes of the CCRB in footnote 21, such pleading is improper and too vague to require response.

198.    Admit the allegations set forth in paragraph 198.

199.    Deny the allegations set forth in paragraph 199.

200.    Deny the allegations set forth in paragraph 200.

201.    The allegations in paragraph 200 sets forth an unclosed quote without citation and, therefore, is too vague as to require response.  To the extent the quotation is from a

DOJ determination, Defendants deny the allegations and, without admitting the truth or accuracy thereof, respectfully refer the Court to that determination for a complete and accurate statement its contents.

<u>SECOND CLAIM: Failure to investigate and/or discipline</u>

203.      Deny the allegations set forth in paragraph 203.

204.      Deny the allegations set forth in paragraph 204.

205.      Deny the allegations set forth in paragraph 205.

206.      Deny the allegations set forth in paragraph 206.

207.      Deny the allegations set forth in paragraph 207 and, without admitting the truth or accuracy thereof, respectfully refer the Court to the material referenced therein for a complete and accurate statement of their contents.

208.      Deny the allegations set forth in paragraph 208.

209.      Deny the allegations in paragraph 209 and aver that the allegations are too vague to require response, refer the Court to the filings in the lawsuits cited in paragraph 209 for a complete and accurate statement of the facts and issues adjudicated in those cases

210.      Deny the allegations in paragraph 210, and, insofar as the allegation states "These matters and related reports are incorporated by reference," such pleading is improper.

211.      Deny the allegations set forth in paragraph 211, and, without admitting the truth or accuracy thereof, respectfully refer the Court to the material referenced therein for a complete and accurate statement of its contents.

212.      Deny the allegations set forth in paragraph 212.

213.      Deny the allegations set forth in paragraph 213.

214.      Deny the allegations set forth in paragraph 214.

215.    Deny the allegations set forth in paragraph 215 and footnote 25.

216.    Deny the allegations set forth in paragraph 216 but admit to having multiple policies for access, confidentiality, and retention of electronic files.

217.    Deny the allegations set forth in paragraph 217, but admit to having multiple policies for access, confidentiality, and retention of electronic files.

218.    Deny the allegations set forth in paragraph 218, but admit to having multiple policies for file access, confidentiality, and retention.

219.    Deny the allegations set forth in paragraph 219, but admit to having multiple policies for file access, confidentiality, and retention.

220.    Deny the allegations set forth in paragraph 220, but admit to having multiple policies for file access, confidentiality, and retention.

221.    Deny the allegations set forth in paragraph 221, but admit to having multiple policies for file access, confidentiality, and retention.

222.    Deny the allegations set forth in paragraph 222, but admit to having multiple policies for file access, confidentiality, and retention.

223.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 223.

224.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 224.

225.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 225.

226.    Deny the allegations in paragraph 226, except admit that Plaintiff purports to aver the allegation set forth therein,

227.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 227.

228.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 228.

229.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 229.

230.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227.

231.     Deny the allegations set forth in paragraph 231, and respectfully refer the Court to the FOIL request referenced therein for a complete and accurate statement of its contents.

232.     Admit the allegation in paragraph 232 that NYPD provided an anticipated determination date of February 12, 2026.

233.     Upon information and belief, admit the allegations set forth in paragraph 233.

234.     Deny the allegations set forth in paragraph 234, and respectfully refer the Court to Plaintiff's FOIL appeal referenced therein for a complete and accurate statement of its contents.

235.     Deny the allegations set forth in paragraph 235, and respectfully refer the Court to the NYPD's response to Plaintiff's FOIL appeal referenced therein for a complete and accurate statement of its contents.

236.     Deny the allegation that Plaintiff has not received any responsive records to her FOIL requests, and respectfully refer the Court to the NYPD's response to Plaintiff's FOIL

appeal referenced therein for a complete and accurate statement of its contents.

237.    Deny the allegations set forth in paragraph 237.

238.    Deny the allegations set forth in paragraph 238.

239.    Deny the allegations set forth in paragraph 239.

240.    Deny the allegations set forth in paragraph 240.

241.    Deny the allegations set forth in paragraph 241.

242.    Deny the allegations set forth in paragraph 242.

243.    Deny the allegations set forth in paragraph 243.

244.    Deny the allegations set forth in paragraph 244 and respectfully refer to the statutes cited therein and their legislative histories for a complete and accurate statement of their contents and purpose.

245.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 245.

246.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 246.

247.    Deny the allegations set forth in paragraph 247.

248.    Deny the allegations set forth in paragraph 248.

249.    Deny the allegations set forth in paragraph 249.

250.    Deny the allegations set forth in paragraph 250.

251.    Deny the allegations set forth in paragraph 251.

252.    Deny the allegations set forth in paragraph 252.

### THIRD CLAIM: First Amendment Retaliation

253.    Defendants repeat and reallege each and every response set forth in the

preceding paragraphs as if set forth fully hereat.

254.	Deny the allegations set forth in paragraph 254.

255.	Deny the allegations set forth in paragraph 255.

256.	Deny the allegations set forth in paragraph 256.

257.	Deny the allegations set forth in paragraph 257.

258.	Deny the allegations set forth in paragraph 258.

259.	Deny the allegations set forth in paragraph 259.

260.	Deny the allegations set forth in paragraph 260.

261.	Deny the allegations set forth in paragraph 261.

262.	Deny the allegations set forth in paragraph 262.

263.	Deny the allegations set forth in paragraph 263.

264.	Deny the allegations set forth in paragraph 264.

FOURTH CLAIM: Failure to Intervene

265.	Defendants repeat and reallege each and every response set forth in the preceding paragraphs as if set forth fully hereat.

266.	Deny the allegations set forth in paragraph 266.

267.	Deny the allegations set forth in paragraph 267.

268.	Deny the allegations set forth in paragraph 268.

269.	Deny the allegations set forth in paragraph 269.

270.	Deny the allegations set forth in paragraph 270.

FIFTH CLAIM: Gender-Based Violence (NYC Admin Code § 10-1102, *et seq.*)

271.	Defendants repeat and reallege each and every response set forth in the

preceding paragraphs as if set forth fully hereat, and avers that they are not required to respond to the allegations in paragraphs 272-287 because this claim was dismissed by Decisions & Order, dated   (ECF No. 68).

SIXTH CLAIM: Unlawful Discrimination and/or Retaliation
(NYC Admin Code § 8-102, <em>et seq.</em> and § 8-102)

288.     Defendants repeat and reallege each and every response set forth in the preceding paragraphs as if set forth fully hereat, and avers that they are not required to respond to the allegations in paragraphs 289-297 because this claim was dismissed by Decisions & Order, dated   (ECF No. 68).

SEVENTH CLAIM:   State Law Defamation

298.     Defendants repeat and reallege each and every response set forth in the preceding paragraphs as if set forth fully hereat, and avers that they are not required to respond to the allegations in paragraphs 298-377 because this claim was dismissed by Decisions & Order, dated July 20, 2026  (ECF No. 68).

EIGHTH CLAIM:   Federal Constitutional Right to Privacy

378.     Defendants repeat and reallege each and every response set forth in the preceding paragraphs as if set forth fully hereat.

379.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 379, except admit that Plaintiff reported to NYPD that she had been raped..

380.     The allegations set forth in paragraph 380 consist of legal conclusions to which no response is required.

381.     The allegations set forth in paragraph 381 consist of legal conclusions to which no response is required.

382.     The allegations set forth in paragraph 382 consist of legal conclusions to which no response is required,

383.     Deny the allegations set forth in paragraph 383, and aver that the allegations use of the phrase "such information" is too vague and ambiguous to require a response.

384.     Admit the allegations set forth in paragraph 384 that Maddrey was employed by the NYPD and that Plaintiff communicated with Maddrey during his employment with the NYPD, but aver that the use of the phrase "such information" is too vague and ambiguous to require further response.

385.     Deny the allegations set forth in paragraph 385.

386.     Deny the allegations set forth in paragraph 386.

387.     Deny the allegation set forth in paragraph 387.

388.     Deny the allegation set forth in paragraph 388.

**VERIFIED SUPPLEMENTAL PLEADING (ECF No. 57)**

389.     Defendants respond to the allegations in the Verified Supplemental Pleading filed June 25, 2026 (ECF No. 57) as follows:

1.     Deny the allegations set forth in paragraph 1.

2.     Admit the allegation set forth in paragraph 2.

3.     Admit the allegations set forth in paragraph 3.

4.     Deny the allegations set forth in paragraph 4, and respectfully refer the Court to Chell's verified "X' account, and the image reproduced in paragraph 5 for an accurate representation of the photograph on Chell's "X" account and for a complete and accurate

statement of how Chell is identified in his "X" account.

5.    Admit that paragraph 5 accurately reproduces the post made by Chell on "X" on May 12, 2026.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, except affirmatively state that Chell's "X" account is verified.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8, except  admit that Chell's status on "X" is verified.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, except admit that "X" charges Chell fees for his account.

10.    Deny the allegations set forth in paragraph 10, except admit the allegation in footnote 1.

11.    Deny the allegations set forth paragraph 5, and respectfully refer the Court to the image reproduced in paragraph 5 for a complete and accurate statement of its contents.

12.    Deny the allegations set forth in paragraph 12.

13.    Deny the allegations set forth in paragraph 13.

14.    Deny the allegations set forth in paragraph 14.

15.    Deny the allegations set forth in paragraph 15.

16.    Deny the allegations set forth in paragraph 16, except admit that Chell wrote the post reproduced in paragraph 5 in response to an article referenced in the post and, without admitting the truth or accuracy thereof,  respectfully refer the Court to the article for a complete

and accurate statement of its contents.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

390.    The Second Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

391.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

392.    The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are entitled to qualified immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

393.    At all times relevant to the acts alleged, Defendants acted reasonably in the proper and lawful exercise of their discretion.


**WHEREFORE,** Defendants requests judgment dismissing the remaining claims in the second amended complaint, as supplemented, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:          New York, New York
                August 3, 2026


                                        STEVEN BANKS
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants*
                                        100 Church Street

New York, NY 10007
(212) 356-4367


By:      _____/s/_____
         Belina Anderson
         Assistant Corporation Counsel


To:   Counsel of record by ECF